UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DAVID SIDNEY POTTER,

    Plaintiff,

v.                                    Case No. 4:20-cv-106-AW/MJF

ASHFORD UNIVERSITY, *et al*.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

This cause comes before this court upon Defendants' motion to transfer. (Doc. 6). Plaintiff filed a response, (Doc. 8), and Defendants replied. (Doc. 11). For the reasons set forth below, the undersigned recommends that this case be transferred to the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1404(a).[1]

**I.    Background**

On October 27, 2019, Plaintiff filed a complaint against Defendants in the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida, Case

---

[1] This case was referred to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b).

No. 2019-ca-002575. (Doc. 1-1 at 8). On February 21, 2020, Defendants removed this action to the United States District Court for the Northern District of Florida. (Doc. 1). In his complaint, Plaintiff alleges that in July 2017, Defendant Ashford University accepted Plaintiff into its Ph.D. program in Organizational Development and Leadership. (Doc. 1-1 at 17). Plaintiff further alleges that in May 2018, his doctorial advisor, Defendant William Hodde, made "flirtatious overtures and exhibited a salacious disposition towards the Plaintiff." (*Id.* at 14). Plaintiff contends that Hodde's behavior was "repulsive and disquieting." (*Id.*).

In August 2019, Plaintiff called Ashford University to discuss an issue relating to the payment of a course he had taken. Plaintiff states that, despite specifically stating "not to put Hodde on the phone" his call was transferred to Hodde who "approached the Plaintiff in an inappropriate manner," to which Plaintiff responded with profanity. (*Id.* at 15). Thereafter, Ashford University initiated procedures to expel Plaintiff from the Ph.D. program. On September 6, 2019, Plaintiff was permanently expelled from Ashford University. (*Id.*).

Plaintiff asserts the following counts in his complaint: (1) due process and breach of good faith pursuant to the Fourteenth Amendment; (2) breach of contract; (3) a section 1983 claim; (4) retaliation, free speech, and reverse discrimination pursuant to the First Amendment; (5) *respondeat superior* and vicarious liability; (6) discriminatory viewpoint; and (7) statute of limitations. (*Id.* at 9). Plaintiff's

complaint states that "Plaintiff presents this complaint against the Defendants to enforce his rights under California common law torts." (*Id.* at 10). Plaintiff further stated in his Complaint that he is "a California resident" and that he resides part time in Florida. (*Id.* at 11). In Plaintiff's response to Defendants' motion to transfer, Plaintiff states that he has performed business operations in Florida and that he has a Florida identification card. (Doc. 8 at 2). His Florida identification card lists his Florida address as being in Orlando, which is in the Middle District of Florida. (*Id.*)

In Defendants' motion to transfer, Defendants provide a declaration of Defendant Zovio's corporate paralegal which states: (1) Zovio is a Delaware corporation, with its principal place of business in Arizona; (2) Ashford University is wholly owned by Zovio; (3) Ashford University is a California limited liability company, with its principal place of business in California; (4) Defendant Andrew Clark, founder, President, and Chief Executive Officer of Zovio, is a citizen and resident of Arizona; (5) Defendant Craig D. Swenson, President of Ashford University, is a citizen and resident of California; (6) Defendant William Hodde, a former employee of Zovio, is a citizen and resident of Colorado; (7) Defendant Irene Stein is a citizen and resident of Colorado; (8) Defendant Scott Burrus is a citizen and resident of California; and (9) Defendant Kenneth Fettig is a citizen and resident of Colorado.

## II.   Discussion

Section 1404(a) of Title 28 of the United States Code provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "Section 1404(a) is a codification of the doctrine of forum non conveniens." *Albion v. YMCA Camp Letts*, 171 F.3d 1, 2 (1st Cir. 1999). "Section 1404(a) reflects an increased desire to have federal civil suits tried in the federal system at the place called for in the particular case by considerations of convenience and justice." *Van Dusen v. Barrack*, 376 U.S. 612, 616, 84 S. Ct. 805, 809 (1964). The purpose of section 1404(a) "is to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Id.*

A movant "must make two showings to justify transfer under 28 U.S.C. § 1404." *Harvard v. Inch*, 408 F. Supp. 3d 1255, 1260 (N.D. Fla. 2019); *Nat'l Trust Ins. Co. v. Penn. Nat'l Mut. Cas. Ins. Co.*, 223 F. Supp. 3d 1236, 1241 (M.D. Fla. 2016) ("In considering whether to transfer a case pursuant to § 1404(a), in the absence of consent among the parties, the district court must engage in a two-step inquiry."); *Mason v. Smithkline Beecham Clinical Lab.*, 146 F. Supp. 2d 1355, 1359 (S.D. Fla. 2001).

First, "the movant must establish that the plaintiff could have brought the action in the proposed transferee district." *Harvard*, 408 F. Supp. 3d at 1260 (citing 28 U.S.C. 1404(a) ("a district may transfer any civil action to any other district or division *where it might have been brought . . . .*") (emphasis added)); *Van Dusen*, 376 U.S. at 616, 84 S. Ct. at 809 ("This transfer power is, however, expressly limited by the final clause of § 1404(a) restricting transfer to those federal districts in which the action 'might have been brought.'"); *Mason*, 146 F. Supp. 2d at 1359 ("[T]he alternative venue must be one in which the action could originally have been brought by the plaintiff."). Within the first prong, "the moving party must demonstrate that venue, personal jurisdiction, and subject matter jurisdiction would have been proper in the proposed transferee district." *Harvard*, 408 F. Supp. 3d at 1260 (quoting *Baker v. Major League Baseball Props., Inc.*, No. 3:08cv114/MCR, 2009 WL 1098482, at *2 (N.D. Fla. Apr. 22, 2019)); *see Hoffman v. Blaski*, 363 U.S. 335, 343-44, 80 S. Ct. 1084, 1089 (1960).

"Second, the movant must show that the 'convenience of parties and witnesses' and the 'interest of justice' would be served by transferring the action to the proposed district." *Harvard*, 408 F. Supp. 3d at 1260; 28 U.S.C. § 1404(a). Accordingly, "[t]he burden is on the movant to establish that the suggested forum is more convenient." *In re Ricoh*, 870 F.2d 570, 573 (11th Cir. 1989); *P&S Bus. Machs., Inc. v. Canon USA, Inc.*, 331 F.3d 804, 807 (11th Cir. 2003); *Time, Inc. v.*

*Manning*, 366 F.2d 690, 698 (5th Cir. 1966); *Harvard*, 408 F. Supp. 3d at 1260; *Trinity Christian Ctr. of Santa Ana, Inc. v. New Frontier Media, Inc.*, 761 F. Supp. 2d 1322, 1326 (M.D. Fla. 2010). Ultimately, the "decision to transfer a case to another district is left to the sound discretion of the trial court." *Brown v. Conn. Gen. Life Ins. Co.*, 934 F.2d 1193, 1197 (11th Cir. 1991) (citation omitted).

### A. <u>Plaintiff Could Have Brought This Action in the United States District Court for the Southern District of California</u>

Although Plaintiff does not consent to a transfer of this action to the Southern District of California, the parties do not dispute that Plaintiff could have initiated this action in the Southern District of California.[2] Plaintiff's complaint alleges claims pursuant to the Due Process Clause of the Fourteenth Amendment, the First Amendment, 42 U.S.C. § 1983, and California state law. The Southern District of California enjoys federal-question jurisdiction over some of these claims pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

---

[2] Plaintiff stated in his complaint that "California and/or Florida are recognized as the proper jurisdiction." (Doc. 1-1 at 11). Furthermore, Plaintiff's response to Defendants' motion to transfer venue to the Southern District of California does not dispute that he could have initiated this action in the Southern District of California. Defendants state "there is no dispute the case could have originally been filed in California." (Doc. 6 at 6).

The Southern District of California also could exercise personal jurisdiction over Defendants pursuant to their California residence or California's long-arm statute. Defendant Ashford University is a California limited liability company, with its principle place of business in California. (Doc. 6-2 at 3). It is wholly owned by Defendant Zovio. (*Id.*). Furthermore, Defendant Craig D. Swenson, President of Ashford University, is a citizen and resident of California. (*Id.*).

As to venue, Plaintiff's claims arise out of Ashford University's administrator's decision to permanently expel Plaintiff from a Ph.D. program. Defendants contend, and Plaintiff does not dispute, that Ashford University's headquarters is located in Southern California. Pursuant to 28 U.S.C. § 1391, therefore, the Southern District of California is a proper venue because "a substantial part of the events or omissions giving rise to the claim occurred" in the district. 28 U.S.C. § 1391(b)(2).

**B.     The Southern District of California is a More Convenient Forum**

The second part of the section 1404(a) analysis requires courts to balance both "private and public factors to determine if transfer is justified." *Cellularvision Tech. & Telecomm., L.P. v. Alltel Corp.*, 508 F. Supp. 2d 1186, 1189 (S.D. Fla. 2007) (citing *Mason,* 146 F. Supp. 2d at 1359; *Miot v. Kechijian,* 830 F. Supp. 1460, 1465-66 (S.D. Fla. 1993)); *see generally see Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508,

67 S. Ct. 839, 843 (1947).[3] In addressing a motion to transfer an action, a court should consider at least the following nine factors:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005) (citations omitted); *Gulf Oil Corp.*, 330 U.S. at 508, 67 S. Ct. at 843; *Harvard*, 408 F. Supp. 3d at 1262; *Delorenzo v. HP Enter. Servs., LLC*, 79 F. Supp. 3d 1277, 1280 (M.D. Fla. 2015).

### 1. *The Convenience of the Witnesses*

"The most important factor under § 1404(a) is the convenience of witnesses, and the moving party must make a specific showing of inconvenience to witnesses." *Elec. Transaction Network v. Katz*, 734 F. Supp. 492, 501-02 (N.D. Ga. 1989). Defendants do not proffer a list of non-party witnesses that they likely will call at trial. Instead, Defendants list as witnesses some of the "key" Defendants in this case and discuss the burden of transportation, lodging, and related expenses. Although

---

[3] The enactment of § 1404 superseded *Gulf Oil Corp. v. Gilbert*. *See Am. Dredging Co. v. Miller*, 510 U.S. 443, 449 n.2, 114 S. Ct. 981, 986 n.2 (1994). Courts continue to look to the so-called "*Gilbert* factors," however, in addressing motions to transfer pursuant to § 1404(a).

presumably Defendants would be witnesses at any trial, the "the convenience of the parties" is a separate factor that this court must consider. *See Trinity Christian Ctr. of Santa Ana, Inc.*, 761 F. Supp. 2d at 1327 (clarifying that "the convenience of witnesses" factor "pertains to the convenience of non-party witnesses [and] is an important consideration in determining whether a transfer should be granted"); *see Harvard*, 408 F. Supp. 3d at 1263 (discussing both convenience to parties and witnesses).

Without providing details, Defendants assert that "many witnesses and parties would be inconvenienced by leaving the case here in Florida." (Doc. 6 at 7). However, "a general allegation that witnesses will be necessary, without identifying those necessary witnesses and indicating what their testimony at trial will be, does not merit transfer." *Harvard*, 408 F. Supp. 3d at 1263 (quoting *Nat'l Trust Ins. Co.*, 223 F. Supp. 3d at 1243); *Mason*, 146 F. Supp. 2d at 1362 ("The party seeking the transfer must support its motion by clearly specifying the key witnesses to be called and particularly stating the significance of their testimony."). With the limited information provided by Defendants, the undersigned cannot determine whether Defendants intend to call non-party witnesses. Accordingly, this factor does not weigh in favor of a transfer.

### 2. *The Location of Relevant Documents and the Relative Ease of Access to Sources of Proof*

Defendants argue that this factor weighs in favor of transfer because the location of relevant documents is in the Southern District of California. Defendants contend that because Ashford University's headquarters is located in Southern California, documents related to Plaintiff's claims also would be located in Southern California. Neither party has argued or even suggested that any relevant document or source of proof would be located in Florida. Plaintiff does not dispute that the relevant evidence is located in the Southern District of California. Instead, he argues that Defendants easily could transmit relevant documents to Florida electronically. Courts have recognized that "the significance of this factor is reduced because technological advancements in electronic document imaging and retrieval minimize the burden of document production." *Trinity Christian Ctr. of Santa Ana, Inc.*, 761 F. Supp. 2d at 1327. Although the significance of this factor may be reduced, it does weigh in favor of transfer because the parties do not dispute that the relevant documents and sources of proof are in Southern California and nobody claims that any evidence is located in the Northern District of Florida.

### 3. *The Convenience of the Parties*

As noted above, Defendants contend Southern California is a more convenient forum for the parties because not even one Defendant resides in Florida, and the majority of Defendants reside in California, Arizona, and Colorado:

a) Zovio is a Delaware corporation, with its principal place of business in Arizona;

b) Ashford University is a California limited liability company, with its principal place of business in California, it is wholly owned by Zovio;

c) Andrew Clark, Founder, President and Chief Executive Officer of Zovio, is a citizen and resident of Arizona;

d) Craig D. Swenson, President of Ashford University, is a citizen and resident of California;

e) Scott Burrus, an employee of Ashford University, is a citizen and resident of California.

f) Kenneth Fettig, an employee of Zovio, is a citizen and resident of Colorado;

g) William Hodde, former employee of Zovio, is a citizen and resident of Colorado; and

h) Irene Stein, employee of Ashford University, is a citizen and resident Colorado.

(Doc. 6 at 7; Doc. 6-2 at 2).

Plaintiff is a resident of California and states that he "semi-resides" in Florida. (Doc. 1-1 at 11; Doc. 8 at 2). Plaintiff does not state what portion of his time is spent in Florida or California. In any event, it appears that he was residing in California

both at the time he filed his complaint and at the time he filed his response to the motion to transfer, as he listed as his mailing address a post office box in Pasadena, California. Furthermore, as noted above, his Florida identification card lists his Florida address in Orlando, which is in the Middle District of Florida. (Doc. 8 at 2).

Notably, none of the parties are full-time residents in Florida, and apparently none reside in the Northern District of Florida. The only discernable connection to Florida is Plaintiff's claim that he "semi-resides in the Sunshine State of Florida." Furthermore, Plaintiff does not allege that he selected Florida as a venue because it was convenient for him. To the contrary, Plaintiff indicates that he "will utilize the proper legal avenue, either it be in the State of California . . . or any other jurisdiction that is proper." (Doc. 8 at 2). Defendants argue that Plaintiff is intentionally avoiding California courts because he has been deemed a vexatious litigant in the California courts. (Doc. 6 at 2; Doc. 6-1 at 2). Given that California presents a convenient forum for both Defendants and Plaintiff, this factor weighs heavily in favor of transfer.

### 4.  *The Locus of the Operative Facts*

"The location of operative facts underlying a claim is a key factor in determining a motion to transfer venue." *Harvard*, 408 F. Supp. 3d at 1262 (quoting *Nat'l Tr. Ins. Co.*, 223 F. Supp. 3d at 1245). "In determining the locus of operative facts, the court must look at the site of the events from which the claim arises." *Id.* (quoting *Nat'l Tr. Ins. Co.*, 223 F. Supp. 3d at 1245).

Defendants argue that Plaintiff's claims arise out of Ashford University's administrator's decision to permanently expel Plaintiff. (Doc. 6 at 7-8). Ashford University's headquarters is located in Southern California. Defendants argue that the "situs of material events is California" and that the documentation related to Plaintiff's expulsion is likewise located at Ashford University's headquarters in Southern California. Thus, Defendants argue that the Southern District of California is the more convenient venue and that none of the operative facts occurred in Florida. Plaintiff does not dispute Defendants' contentions, nor does he address them in any way in his response to Defendants' motion to transfer. Accordingly, Florida clearly is not the locus of the operative facts, and it appears that the Southern District of California is. This factor, therefore, weighs in favor of a transfer.

### 5.     *The Availability of Process to Compel the Attendance of Unwilling Witnesses*

Defendants did not propound a list of non-party witnesses nor did they identify any witnesses who would be unwilling to testify. Instead, Defendants merely stated "many witnesses and parties would be inconvenienced by leaving the case here in Florida." (Doc. 6 at 7). Because Defendants have not presented any evidence of specific, unwilling witnesses that would require process to compel their attendance at a trial or deposition, this factor is neutral. *Harvard*, 408 F. Supp. 3d at 1264 ("Defendants have not identified a single witness who would be unwilling to testify, nor have Defendants demonstrated that compulsory process would be necessary for

the witness to testify . . . For these reasons, Defendants have failed to persuade this Court that this factor supports transfer."); *Trinity Christian Ctr. of Santa Ana, Inc.*, 761 F. Supp. 2d at 1329 ("Because there is no evidence that either party will be deprived of live testimony of any witness due to an individual's distance from either forum, this factor is neutral."); *Mason*, 146 F. Supp. 2d at 1362 (Transfer may "be denied where the movant does not show that the witnesses would be unwilling to testify and that compulsory process would be necessary.").

Nevertheless, because the relevant facts likely occurred in the Southern District of California and the parties have not demonstrated that any relevant act or event occurred in Florida or that any witness is located in or near Florida, it is unlikely that any witness resides in a place in which this court could enforce a subpoena. *See* Fed. R. Civ. P. 45.

### 6. *The Relative Means of the Parties*

Neither party discussed this factor. Accordingly, Defendants have not shown that this factor supports transfer.

### 7. *The Court's Familiarity with the Governing Law*

Defendants argue that the respective court's familiarity with the governing law weighs in favor of transfer because "Florida law will not apply to Plaintiff's claims. Plaintiff asserts federal claims and claims under California law." Plaintiff's response to Defendants' motion to transfer does not address this factor.

Plaintiff's complaint asserts both federal claims and claims under California law. Specifically, Plaintiff states that he seeks "to enforce his rights under California common law torts." (Doc. 1-1 at 10). A district judge in the Southern District of California generally has greater familiarity with California law than a judge from Florida. But the body of California law applicable to this case likely is similar to Florida law. Furthermore, federal judges frequently are called upon to apply law that may be unfamiliar to them or which is derived from another jurisdiction. Accordingly, courts have noted that a "forum's familiarity with the governing law 'is one of the least important factors in determining a motion to transfer, especially where no complex questions of foreign law are involved.'" *Harvard*, 408 F. Supp. 3d at 1264-65 (quoting *Trans Am Worldwide*, 2018 WL 3090394, at *10); *Posven, C.A. v. Liberty Mut. Ins. Co.*, 303 F. Supp. 2d 391, 405 (S.D.N.Y. 2004). This factor, therefore, weighs only slightly in favor of a transfer.

### 8.     *Plaintiff's Choice of a Forum*

Generally, there is a strong presumption in favor of the plaintiff's initial forum choice, and the "plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations." *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 2004). This presumption, however, is greatly diminished when "there is no material connection between the forum and the events underlying the cause of action.'" *Harvard*, 408 F. Supp. 3d at 1264 (quoting *Martinez v. Shulkin*,

No. 1:17-cv-128-MW/CAS, 2017 WL 10821303, at *1 (N.D. Fla. Aug. 2, 2017) (citations omitted)); *Baker*, 2009 WL 1098482, at *3 ("[A] plaintiff's choice of forum may be accorded lesser weight where the forum lacks a significant connection with the underlying claim or operative facts.") (citations omitted); *Gould v. Nat'l Life Ins. Co.*, 990 F. Supp. 1354, 1358 (M.D. Ala. 1998) ("[W]hen 'the operative facts underlying the cause of action did not occur within the forum chosen by the Plaintiff, the choice of forum is entitled to less consideration.'") (quoting *Garay v. BRK Elec.*, 755 F. Supp. 1010, 1011 (M.D. Fla. 1991)); *Prather v. Raymond Constr. Co., Inc.*, 570 F. Supp. 278, 284 (N.D. Ga. 1983) ("where the forum selected by Plaintiff is not connected with the parties or the subject matter of the lawsuit, it is generally less difficult than otherwise for the defendant, seeking a change of venue, 'to meet the burden of showing sufficient inconvenience to tip the balance of convenience strongly in the defendant's favor'") (quoting *Burroughs Wellcome Co. v. Giant Food, Inc.*, 392 F. Supp. 761, 763 (D. Del. 1975)).

As discussed above, the operative facts occurred in the Southern District of California. Plaintiff's claims have no discernable connection with the Northern District of Florida, and Plaintiff has not demonstrated such a connection. Furthermore, Plaintiff is himself a resident—at least part-time—of the proposed transferee state. *Rosenthal v. Unum Group*, No. 17-cv-40064-TSH, 2018 WL 1250483, at *4 (D. Mass. Mar. 12, 2018) (affording less weight to the plaintiff's

choice of forum because Plaintiff was a resident of the transferee state) (citing *U.S. ex rel. Ondis v. City of Woonsocket, R.I,* 480 F. Supp. 2d 434, 436 (D. Mass. 2007)); *cf. Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257, 102 S. Ct. 252, 257 (1981) ("When the [Plaintiff's] home forum has been chosen, it is reasonable to assume that this choice is convenient. When the plaintiff is foreign, however, this assumption is much less reasonable. Because the central purpose of any *forum non conveniens* inquiry is to ensure that the trial is convenient, a foreign plaintiff's choice deserves less deference.").

Accordingly, this factor weighs in favor of transferring this action to the Southern District of California.

### 9. *Trial Efficiency and the Interest of Justice, Based on the Totality of the Circumstances.*

A court should also consider "the unfairness of burdening citizens in an unrelated forum with jury duty" for a case that has no connection with the state and district. *See Piper*, 454 U.S. at 241 n.6, 102 S. Ct. at 258 n.6; *Bowen v. Elanes N.H. Holdings, LLC*, 166 F. Supp. 3d 104, 109 (D. Mass. 2015) (same). As the Supreme Court has stated: "Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *Gulf Oil Corp.*, 330 U.S. at 508-09, 67 S. Ct. at 843. The Court also recognized that there "is a local interest in having localized controversies decided at home." *Id.* at 509, 67 S. Ct. at 843.

Taking into consideration the totality of the circumstances of this case, the undersigned concludes that trial efficiency and the interest of justice would best be served by transferring this action to the Southern District of California. This factor, like the majority of the other factors discussed above, militates in favor of a transfer.

### III. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS**:

1. Defendants' motion to transfer (Doc. 6) be **GRANTED** and that this case be **TRANSFERRED** to the United States District Court for the Southern District of California.

2. The clerk of the court close the case file.

At Panama City, Florida this 22nd day of April, 2020.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.